IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 JUL -9 PM 1: 39

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| 10 S. Howard Street, 3rd Floor | ) | Civil Action No.   **DKC 13 CV 1980** |
| Baltimore, Maryland 21201 | ) | |
| | ) | |
| Plaintiff, | ) | <u>**COMPLAINT AND JURY TRIAL**</u> |
| | ) | <u>**DEMAND**</u> |
| v. | ) | |
| | ) | |
| HVM L.L.C. D/B/A | ) | |
| EXTENDED STAY HOTELS | ) | |
| 46565 Expedition Park Drive | ) | |
| Lexington Park, MD 20653 | ) | |
| | ) | |
| Defendant. | ) | |

<u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Civil

Rights Act of 1991, and the Equal Pay Act of 1963 to correct unlawful employment practices on

the basis of sex, to restrain the unlawful payment of wages to employees of one sex at rates less

than the rates paid to employees of the opposite sex, and to provide appropriate relief due to

employees as a result of such unlawful practices.  The Equal Employment Opportunity

Commission ("the Commission" or "EEOC") alleges that Defendant HVM L.L.C. d/b/a

Extended Stay Hotels ("Defendant" or "HVM L.L.C.") unlawfully discriminated against

Charging Party Latoya Weaver and a class of females by engaging in unlawful compensation

discrimination by paying them lower wages than those paid to their male counterparts for

performing equal work.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Greenbelt Division.

PARTIES

3.      Plaintiff EEOC is an agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; and by Sections 706(f)(1) & (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3).

4.      At all relevant times, Defendant HVM L.L.C. d/b/a Extended Stay Hotels has continuously been a Delaware corporation doing business in the State of Maryland and in St. Mary's County, and has continuously had at least 15 employees.

5.      Defendant operates Extended Stay America as an Extended Stay Hotels brand.

2

6.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7.    At all relevant times, Defendant has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8.    At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j)  and has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that the enterprise has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

STATEMENT OF TITLE VII CLAIMS

9.    More than thirty days prior to the institution of this lawsuit, Latoya Weaver filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. During the reasonable course of the Commission's investigation, the Commission uncovered information which supported evidence of unlawful compensation discrimination against additional female employees.  All conditions precedent to the institution of this lawsuit have been fulfilled.

3

10.    Since at least July 2010, Defendant has engaged in unlawful employment practices at its Extended Stay America hotel in Lexington Park, Maryland, in violation of Sections 706(f)(1) & (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3), by paying Weaver and a class of female GSRs lower wages than those paid to their male counterparts for performing equal work.

11.    Defendant hired Weaver as a part time Guest Services Representative ("GSR") on June 2, 2007 at its Extended Stay America hotel in Lexington Park.  Weaver became a full-time GSR on July 7, 2008.

12.    The job duties of a GSR include answering the telephone, making reservations, and checking in and out guests.

13.    Weaver resigned on August 4, 2007, but returned a month later, on September 4, 2007 as a full-time GSR.

14.    All GSRs perform equal work and have the same responsibilities.

15.    At the time Defendant initially hired Weaver, it was aware that she had several years' experience working as a receptionist at another hotel.

16.    When Defendant hired Weaver, it paid her $8.00/hour.

17.    Weaver remained with Defendant until May 7, 2012, when she resigned.

18.    At the time of her resignation, Defendant paid Weaver $8.88/hour.

19.    At the time of her resignation, Weaver had almost five years' experience working as a GSR for Defendant.

20.    On or about May 4, 2012, Weaver notified General Manager Cheyenne Richards that she would be willing to rescind her resignation if Defendant gave her a raise.  Richards

4

informed Weaver that she could not give Weaver a raise because the hotel was undergoing renovations.

21.     On or about May 4, 2012, Defendant hired Derek Batson, male, as a GSR and paid him $10.00/hour.

22.     On or about May 7, 2012, Defendant hired Faleupolu Vase, male, as a GSR/Porter and paid him $10.00/hour.

23.     The effect of the practices complained of in paragraphs 10-22 above has been to deprive Weaver and a class of female GSRs of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

24.     The unlawful employment practices complained of in paragraphs 10-22 above were and are intentional.

25.     The unlawful employment practices complained of in paragraphs 10-22 above were and are done with malice or with reckless indifference to the federally protected rights of Latoya Weaver and a class of female GSRs.

STATEMENT OF EQUAL PAY ACT CLAIMS

26.     Since at least July 2010, Defendant Employer has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying Latoya Weaver and a class of female employees lower wages than those paid to male colleagues for performing equal work, including, but not limited to, Derek Batson and Faleupolu Vase.

27.     As a result of the acts complained of above, Defendant unlawfully has withheld and is continuing to withhold the payment of wages due to Latoya Weaver and a class of female GSRs who received lower compensation than male employees, including, but not limited to,

5

Derek Baton and Faleupolu Vase.

28.    The unlawful practices complained of in paragraphs 26-27 above were and are willful.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against females with respect to their compensation and from paying female employees lower compensation than their male comparators for performing equal work.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and that eradicate the effects of its past and present unlawful employment practices;

C.    Order Defendant to make whole Latoya Weaver and a class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 10-25 above, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and reinstatement;

D.    Order Defendant to make whole Latoya Weaver and a class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 10-25 above, including but not limited to any job search expenses, and other pecuniary losses, in amounts to be determined at trial;

E.    Order Defendant to make whole Latoya Weaver and a class of female employees

6

by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10-25 above, including pain and suffering, emotional distress, indignity, inconvenience, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial;

F.    Order Defendant to pay Latoya Weaver and a class of female employees punitive damages for its malicious and reckless conduct, as described in paragraphs 10-25 above, in an amount to be determined at trial;

G.    Grant a judgment requiring Defendant to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to employees whose wages are being unlawfully withheld as a result of the acts complained of in paragraphs 10-27 above, including but not limited to Latoya Weaver and a class of female employees;

H.    Grant such further relief as the Court deems necessary and proper in the public interest; and

I.    Award the EEOC its costs of this action.


## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


Respectfully submitted,

P. DAVID LOPEZ
General Counsel

7

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Philadelphia District Regional Attorney

MARIA SALACUSE (Bar No. 15562)   by DML
Supervisory Trial Attorney

TANYA L. GOLDMAN
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland  21201
(410) 209-2728 (phone)
(410) 209-2221 (fax)
tanya.goldman@eeoc.gov

8